IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:16-CV-28 (WOB-JGW)

JANE DOE                                              PLAINTIFF

VS.            MEMORANDUM OPINION AND ORDER

NORTHERN KENTUCKY
UNIVERSITY, ET AL.                                    DEFENDANTS

This matter is before the Court on the motion by defendants Northern Kentucky University, Geoffrey S. Mearns, Kathleen Roberts, and Ann James for partial dismissal of plaintiff's First Amended Complaint ("FAC"). (Doc. 82)

The Court finds oral argument unnecessary to resolve the motion.

*Substantive Due Process*

Defendants move to dismiss Count II of the FAC, which alleges constitutional violations under 42 U.S.C § 1983 for violation of plaintiff's "substantive due process right to bodily integrity" and her "liberty interest." (FAC, Doc. 62, ¶¶ 121-28).[1]

In this context, establishing a "substantive due process" claim requires proof that a defendant has taken action which "can be characterized as arbitrary, or conscious shocking, in a

---

[1] NKU is immune from this count because it is entitled to immunity under the Eleventh Amendment. Therefore, this discussion applies only to the individual defendants.

constitutional sense." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 547 (6th Cir. 2012) (citation and internal quotation omitted). Such characterization "applies to "only the most egregious official conduct, . . . conduct that is so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency." *Id.* at 547-48. Legions of cases support these criteria. *See, e.g., County of Sacramento v. Lewis,* 523 U.S. 833, 847-48 (1998); *Breithaupt v. Abram*, 352 U.S. 432, 435-36 (1957); *Rochin v. California*, 342 U.S. 165, 169-73 (1952).

Although the FAC alleges generally that such standards were violated by the individual defendants, the facts set forth to support such conclusion fall far short of meeting the constitutional standard. The FAC alleges that the University as an entity and the individual defendants failed to implement sanctions imposed on the accused student designed to keep him from encountering plaintiff on campus. No allegations are made that the student physically harassed or injured plaintiff during these encounters. Even when school officials fail to prevent verbal abuse, it has been held that the stringent standards for a substantive due process violation have not been met. *See, e.g., Marcum v. Bd. of Educ. of Bloom-Carroll Local Sch. Dist.,* 727 F.Supp.2d 657, 673 (S.D. Ohio 2010).

As *Marcum* further points out, however, plaintiff can recover under Title IX if such allegations are proved. The Title IX

2

standards are not nearly as rigorous as the substantive due process standards. Proof of deliberate indifference under Title IX "requires only that a single school administrator with authority to take corrective action had actual knowledge of [the events sued upon]." *Stiles v. Grainger County,* 819 F.3d 834, 848 (6th Cir. 2016) (rejecting Title IX and substantive due process claims against school for failure to prevent student-on-student bullying) (citation omitted).[2]

### *Qualified Immunity*

The Court further holds that, even if the above substantive due process standards were met, the individual defendants are entitled to qualified immunity.

"Qualified immunity" is a doctrine created by the Supreme Court of the United States to provide an exemption from liability for those public officials for inadvertently violating someone's constitutional rights. Only individual defendants, rather than governmental entities, such as cities and counties, can assert the defense of qualified immunity.

Even if a constitutional right has been violated, an individual defendant is entitled to qualified immunity if the right was not "clearly established." *Smith v. City of Wyoming*, 821 F.3d 697, 708 (6th Cir. 2016) (citation omitted). The qualified

---

[2] NKU is not immune from the Title IX claim.

3

immunity analysis is a particularized one, that is, the court must consider all the facts and circumstances surrounding the event sued upon from the point of view of a reasonable person in the same situation as the defendant. *Id.* at 709-10. If such reasonable person would not have realized that his or her actions violated a constitutional right of the plaintiff, the defendant is entitled to qualified immunity. *Id.* at 712.

An individual defendant sued under 42 U.S.C. § 1983 may raise the defense of qualified immunity at the pleading stage, as the movants here have done, although it is more typically raised at the summary judgment stage. *See Moldowan v. City of Warren*, 578 F.3d 351, 369 (6th Cir. 2009). Whenever raised, the Court is admonished to resolve the issue as soon as possible. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). When the defense is raised at the pleading stage the Court is "required to determine — prior to permitting further discovery — whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002) (extended discussion).

Applying these principles here, the Court finds that the individual defendants are entitled to qualified immunity, even if it were ultimately held that the FAC sufficiently alleges that plaintiff's constitutional rights were violated. Reasonable

4

persons in their positions would not have realized that their actions, as alleged in the FAC, would have violated plaintiff's substantive due process right to bodily integrity. It is not clearly established that this right could be violated absent physical contact. *See, e.g., Doe v. Big Walnut Local Sch. Dist. Bd. Of Educ.*, 837 F.Supp.2d 742, 751-52 (S.D. Ohio 2011) (holding that the fundamental right to bodily integrity does not extend to "verbal taunting" or bullying).

Plaintiff admits in her brief that no court has held that such a claim may be maintained absent allegations of physical contact. Although a case directly in point may not exist, "existing precedent must have placed the statutory or constitutional question confronted by the official *beyond debate.*" *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (internal quotations and citation omitted) (emphasis added). As stated, no such precedent has been cited by plaintiff or found by the Court, much less establishing the principle advocated by plaintiff "beyond debate."

Therefore, the moving defendants are entitled to qualified immunity on the substantive due process claim.[3]

---

[3] Defendant Kachurek did not join in the other defendants' motion for partial dismissal and did not file his own motion to dismiss. Therefore, the Court's rulings will be applicable to only the moving defendants. If Kachurek wishes to have claims against him dismissed, he should file an appropriate motion.

5

### *First Amendment Claim - Count V*

Similarly, the FAC fails to allege facts showing a violation by Mearns of plaintiff's First Amendment right to peaceable assembly and free speech. The allegations are that plaintiff was engaging in a peaceable demonstration to protest the University's failure to protect female students from sexual violence and harassment. She further alleges that the NKU police brought a police dog to the demonstration.

Notably, plaintiff does not allege that the demonstration was broken up, or that anyone was arrested or attacked in the course of the demonstration.

These facts do not constitute a First Amendment violation, or, if they do, defendants would be entitled to qualified immunity under the principles discussed above.

Plaintiff also alleges that Kachurek wrote an e-mail stating the rules governing campus demonstrations. (FAC ¶ 102, 141). It is not alleged, however, that the e-mail deterred plaintiff from participating in the demonstration or otherwise impugned her freedom of expression. Nor is it alleged that the email stated anything that was not correct.

As to defendant Mearns, plaintiff alleges that he stated in an email of his own that Kachurek's e-mail was "well-intended."

6

(FAC ¶ 149).  This email was sent after the demonstration.  To say that someone's action was "well intended" implies that it was probably ill-advised, even though it may have been "well intended."

Therefore, the Court finds that neither e-mail violated plaintiff's First Amendment rights or, if it did, defendant Mearns is entitled to qualified immunity.

### *Breach of Contract*

Count VII of the FAC alleges a claim for breach of contract against defendants based on NKU's Code of Student Rights and Responsibilities.

The Court doubts that the student code constitutes a contract at all, but it need not reach that issue because this claim fails for other reasons.  As to the individual defendants, it is "fundamental that an officer of a corporation will not be individually bound when contracting as an agent of that corporation within the scope of his employment."  *Potter v Chaney*, 290 S.W.2d 44, 46 (Ky. 1956) (citation omitted).  Cases cited by plaintiff creating an exception to this rule are inapplicable because no individual defendant gave any personal guarantee or expressly agreed to be individually liable under the code.

As to NKU itself, the claim is barred by the Eleventh Amendment.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007) (citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 117-21 (1984)).

7

While plaintiff argues that such immunity was waived by NKU's removal of this case under *Lapides v. Bd. Of Regents*, 535 U.S. 613 (2002), that argument is misplaced. Here, plaintiff has a valid federal claim against NKU — Title IX — and it did not waive its immunity in state court prior to removal. *Lapides* thus does not apply. *See Kentucky Mist Moonshine, Inc. v. Univ. of Kentucky*, Civil Action No. 5:15-385-DCR, at *5 (E.D. Ky. June 23, 2016) (rejecting argument that UK waived its Eleventh Immunity by removing case to federal court) (Reeves, J.).

Therefore, Count VII will be dismissed as to the moving defendants.

**THEREFORE, THE COURT BEING ADVISED, IT IS ORDERED AS FOLLOWS:**

1. Defendants' NKU, Mearns, Roberts, and James's motion to dismiss Counts II and V (Doc. 82) be, and is hereby, **GRANTED**, and said Counts are now dismissed as to those defendants. Count V remains pending as to defendant Kachurek;

2. Section 1983 and common law claims against defendant Northern Kentucky University, be, and are hereby, **DISMISSED** as barred by the Eleventh Amendment. It is noted that the Title IX claims remain;

8

3. Count VII of the FAC is dismissed as to the moving defendants, but remains pending as to defendant Kachurek;

4. The state defamation claim against defendant Kachurek (Count VI) remains, pending further orders of the Court; and

5. Count VIII seeking punitive damages against all defendants be, and is hereby, **DISMISSED,** except for the punitive damages sought in the defamation claim against defendant Kachurek.

This 3rd day of November, 2016.



Signed By:
William O. Bertelsman
United States District Judge

Case: 2:16-cv-00028-WOB-JGW Doc #: 115 Filed: 11/03/16 Page: 9 of 9 - Page ID#: 2055