**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**CIVIL ACTION NO. 2:16-CV-28 (WOB-JGW)**

**JANE DOE**                                                          **PLAINTIFF**

**VS.**                        **MEMORANDUM OPINION AND ORDER**

**NORTHERN KENTUCKY**
**UNIVERSITY, ET AL.**                                 **DEFENDANTS**


     This matter is before the Court on the motion for summary judgment defendant Northern Kentucky University ("NKU") (Doc. 165), plaintiff's response thereto (Doc. 179), and NKU's reply (Doc. 195).  The Court has reviewed this matter carefully and, in the interest of moving this matter forward expeditiously, now issues the following Memorandum Opinion and Order.

     Because the Court concludes that the record is rife with genuine disputes of material fact, and because all inferences at this stage must be drawn in plaintiff's favor, the Court concludes that summary judgment is inappropriate.  The Court will thus keep this opinion brief.

### *Analysis*

     Summary judgment is proper where "there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In determining whether a genuine dispute exists, we assume the truth of the nonmoving

party's evidence and draw all inferences in the light most favorable to that party." *Bohannon v. Town of Monterey*, No. 16-5537, 2017 WL 347442, at *2 (6th Cir. Jan. 24, 2017) (citing *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006)). Should sufficient evidence exist for a trier of fact to find for the nonmoving party, summary judgment is inappropriate." *Id.*

Plaintiff Jane Doe filed this action on January 20, 2016 against NKU and other defendants alleging, *inter alia*, that NKU violated Title IX — 20 U.S.C. § 1681 — by responding with deliberate indifference to her claims of sexual assault by another NKU student. Specifically, plaintiff was raped by Student M in September 2013; she reported the rape to NKU around May 1, 2014; a hearing panel found 3-0 that plaintiff was a victim of "non-consensual sex by force"; and NKU imposed certain sanctions on Student M as a result. It is the adequacy of NKU's response that is the pivotal question in this case.

A plaintiff may prevail on a Title IX claim for student-on-student sexual harassment by demonstrating the following elements:

(1) The sexual harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school;

(2) The funding recipient had actual knowledge of the sexual harassment; and

(3) The funding recipient was deliberately indifferent to the harassment.

2

*Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 258 (6th Cir. 2000) (citing *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999)).

Deliberate indifference may be proven by showing that the school's response was "clearly unreasonable . . . in light of the known circumstances." *Id.* at 260 (quoting *Davis v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629, 648 (1999)). "Although no particular response is required, and although the school . . . is not required to eradicate all sexual harassment, the school . . . must respond and must do so reasonably in light of the known circumstances." *Id.* at 260-61.

"Thus, where a school . . . has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior." *Id.* at 261. "Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such [school] has failed to act reasonably in light of the known circumstances." *Id.*

The fact that NKU's papers in support of its motion debate the weight to be given to the testimony of various witnesses; the interpretation of certain documents; and the credibility of many witnesses indicates that this case is not an appropriate one for summary disposition.

3

NKU admits that many of the incidents cited by plaintiff actually occurred:

1. NKU advised Plaintiff not to pursue a criminal complaint. (Doc. 165-1, p. 3).

2. Student M showed up in the same cafeteria where Plaintiff was eating. When she called the police, it was revealed that they had never been advised concerning Student M's sanctions or provided with a picture of him. *Id.* at 8.

3. Plaintiff received a Snapchat notice from Student M. *Id.* at 10.

4. Student M was working in a recreation center which Plaintiff frequented. *Id.*

5. Student M was permitted to work in a program helping students move into dorms where he was encountered by Plaintiff.

6. The chief of the University police circulated an email stating that Plaintiff was "slandering" Student M.

7. Problems arose with permission for Student M to be at locations where Plaintiff would encounter him.

8. In his deposition, the chief of the campus police testified that NKU declined to adopt measures to assure a "safe campus."

9. The chief further testified that the University refused to implement his suggestion that ingress to the dorms be monitored by an attendant.[1]

NKU attempts to downplay these and other incidents, urging that, even taken as a whole, they do not amount the "deliberate indifference." While one might conclude that some of the incidents

---

[1] Many other incidents are cited by Plaintiff in her response.

were due simply to negligence, it is for a jury to review all the evidence and determine whether NKU's response as a whole amounted to "deliberate indifference." *See Doe v. Claiborne Cnty.*, 103 F.3d 495, 515 (6th Cir. 1996) (whether educational entity took appropriate action after knowing of inappropriate conduct is a factual question for a jury to resolve).

The Court thus holds that there are genuine disputes of material fact that preclude the grant of summary judgment.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1)  NKU's motion for summary judgment (Doc. 165) be, and is hereby, **DENIED;**

(2)  Plaintiff's motion to strike NKU's motion for summary judgment (Doc. 169) be, and is hereby, **DENIED AS MOOT;** and

(3)  The motion for summary judgment by defendant Kachurek (Doc. 164) continues **UNDER ADVISEMENT.**

This 6th day of April, 2017.



Signed By:

**_William O. Bertelsman_**

**United States District Judge**