IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:16-CV-28 (WOB-JGW)

JANE DOE                                              PLAINTIFF

VS.              MEMORANDUM OPINION AND ORDER

NORTHERN KENTUCKY
UNIVERSITY, ET AL.                                   DEFENDANTS

    This action was filed in the Circuit Court of Campbell County, Kentucky on February 12, 2016. Subsequently, it was timely removed to this Court by the defendants. (Doc. 1). The complaint primarily stated federal claims against Northern Kentucky University for alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688. (Doc. 1-1).

    Plaintiff subsequently amended her complaint to add a defamation claim against defendant Les Kachurek, who was Chief of the campus police force during part of the time alleged in the complaint. (Doc. 62). Since this Court had supplemental jurisdiction over that claim, it was properly added. See 28 U.S.C. § 1367(a).

    The defamation claim involves novel and complex issues of state law. Among these are:

1. Can the alleged libelous communication — an email by Kachurek — be interpreted as referring to the plaintiff, whose name was not mentioned therein?

2. Is the communication subject to the qualified privilege Kentucky recognizes for communications among persons with a common interest, particularly those in the "chain of command" of an enterprise?  This issue is particularly difficult to resolve in the present case, because none of the Kentucky cases cited are in point on the facts, and the facts themselves are hotly contested.  *See White v. Bourbon Cmty. Hosp., LLC*, No. 5:14-CV-79-REW, 2016 WL 208303, at *3 (E.D. Ky. Jan. 15, 2016; *Fortney v. Guzman*, 482 S.W.3d 784, 790 (Ky. App. 2015); *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014), *as corrected* (April. 7, 2015).

3. Is defendant Kachurek entitled to state qualified immunity for public employees for their discretionary acts? Kentucky cases involving this issue are many and varied.

4. Further, this defamation claim is a relatively minor part of this case, which primarily involves the alleged liability of the University for "deliberate indifference" in its treatment of plaintiff after a finding was made in her favor on a claim of rape she made against a fellow student.  Nevertheless, the defamation claim has involved

a disproportionate amount of time and energy by the Court and the parties compared with the federal claims upon which primary jurisdiction is based. It is imperative that this case be promptly tried. Only two weeks are available for a timely trial, and this defamation claim would absorb at least one or two days, thus leaving insufficient time to properly try the more important and factually and legally complex federal issues.

Therefore, the Court finds that it should decline to exercise supplemental jurisdiction over the defamation claim against Kachurek, pursuant to 28 U.S.C. §1367(c), which provides for such an exercise of discretion where "the claim raises a novel or complex issue of State law" and/or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1),(4).

**THEREFORE, THE COURT BEING ADVISED, AND IN THE EXERCISE OF ITS DISCRETION, IT IS ORDERED AS FOLLOWS:**

1. That the defamation claim against the defendant Kachurek be, and it is, hereby **DISMISSED WITHOUT PREJUDICE**;
2. The Title IX retaliation claim against defendant Kachurek remains pending, and the parties should be

prepared to argue its merits at the hearing set for August 1, 2017.

This 18th day of July, 2017.



Signed By:
*William O. Bertelsman* WOB
United States District Judge